**FILED**
**FEBRUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RABBIT TANAKA CORPORATION, USA, <br> a Texas Corporation, <br><br> Plaintiff <br><br> v. <br><br> CAN YOU IMAGINE, <br> a California Corporation, <br><br> Defendant. | Civil Action No. <br><br><br> Judge <br><br> Magistrate Judge | **08 C 966** <br><br> **JUDGE DOW** <br> **MAGISTRATE JUDGE KEYS** |

## COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

Plaintiff, Rabbit Tanaka Corporation, USA, complains of the defendant Can You Imagine, as follows:

1. Plaintiff is a corporation of Texas, with its principal place of business at 5925 Lovell Avenue, Ft. Worth, Texas 76107. It is doing business in this district and generally throughout the United States by the sale and distribution of its products under the Rabbit Tanaka and other brand names.

2. On information and belief, Defendant, Can You Imagine, is a corporation of California, with its principal place of business at 9314 Eton Avenue, Chatsworth, California 91311.

3. The Defendant sells its products through retail stores in Illinois and in this district.

4. This Court has jurisdiction of this civil action under 28 USC § 1331, under the Patent Laws of the United States, 35 USC §§ 1 et seq.

5. Venue is proper in this Court under 28 USC 1391, as the Defendant has here committed acts of patent infringement.

### COUNT I: US PATENT INFRINGEMENT

6. On July 11, 2006, United States Design Patent No. D524,979 (the '979 patent) was duly and legally issued for "Novelty Light," Exhibit 1.  The '979 patent is exclusively licensed to Plaintiff, together with the right to sue for past infringements.

7. Prior to the commencement of this action, the Defendant has infringed the '979 patent, within this District and elsewhere, within the provisions of 35 USC § 271, by making, selling, offering for sale, and/or using products including the "Red Hot Laser Light Show," novelty light, Exhibit 2, which embodies an equivalent structure to the patented invention as set forth in the claim of that patent, and it will continue to do so unless enjoined by this Court.  Based on the appearance of the Defendant's product, an ordinary person might buy the infringing product thinking it is the patented product and this occurs because the "points of novelty" in the patented design have been incorporated in the Defendant's infringing design.

8. Plaintiff makes and sells the original "Fireball Laser Light Show," novelty light, Exhibit 3, of which Defendant's product is a substantial copy.  Plaintiff will suffer additional irreparable damage from the Defendant's actions unless this Court enjoins the Defendant from continuing its infringement.

9. Defendant has known of the '979 patent yet has, without reasonable and well-founded belief that it is entitled to make and sell its accused product, deliberately and willfully infringed and continues to infringe the '979 patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 USC § 284, and the award of attorney fees pursuant to 35 USC § 285.

### COUNT II: TRADEMARK AND TRADE DRESS INFRINGEMENT

10. Plaintiff incorporates and realleges the matters of paragraphs 1 through 9, above.

11. Plaintiff has imported and sold its distinctive line of "Fireball Laser Light Show" novelty lights under the "Fireball Laser Light Show" mark in this country since at least January, 2006.  Plaintiff's trademark is arbitrary and unique and Plaintiff's product is distinctive in

appearance and has acquired secondary meaning identifying its products as originating from Plaintiff.

12.     After the successful introduction and popular recognition of Plaintiff's "Fireball Laser Light Show" novelty light, the Defendant introduced its "Red Hot Laser Light Show" novelty light using Plaintiff's trademark and using a housing and style for its novelty light, including the overall appearance, color scheme and size, that is extremely similar to Plaintiff's "Fireball Laser Light Show" style.  On information and belief, customers, upon seeing the Defendant's "Red Hot Laser Light Show" novelty light, have been confused as to the source, believing them to be from Plaintiff.

13.     Defendant's acts of infringement are intentional and the Defendant will continue to promote and sell its "Red Hot Laser Light Show" novelty light with its infringing trademark and with the infringing trade dress in violation of the Lanham Act, 15 USC, without right or license from the Plaintiff unless enjoined by the Court.  Plaintiff has been irreparably injured by these acts committed by the Defendant.

### COUNT III:  FEDERAL AND STATE UNFAIR COMPETITION

14.     Plaintiff incorporates and realleges the matters set forth in paragraphs 1 through 13, above.

15.     Defendant has produced, promoted and sold its inferior copy of Plaintiff's "Fireball Laser Light Show" novelty light, in this district, as if it were Defendant's own, and because of the inferior quality, are able to sell the copied devices at a comparatively low price.  The inferior quality has irreparably injured the Plaintiff's reputation.

16.     Defendant has produced, promoted and sold its "Red Hot Laser Light Show" novelty light by copying Plaintiff's "Fireball Laser Light Show" novelty light with little research and development or other expenses associated with the development of a new product.

17.     The Defendant has violated federal and state unfair competition laws, including the Illinois Consumer Protection Act (815 ILCS 505/1 et seq.) and the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 et seq.) and engaged in unfair methods of competition and deceptive acts, where the Defendant is offering its copied product without acknowledging the origin of the product appearance with Plaintiff has caused a likelihood of confusion and a misunderstanding as to the source and qualities of the products offered by Plaintiff and by the Defendant, irreparably harming Plaintiff.

18.     By reason of Defendant's act complained of herein, Defendant has caused a likelihood of confusion among the public, competed unfairly, and committed unfair and deceptive acts in the conduct of its trade and commerce in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. and irreparably harming Plaintiff.

WHEREFORE, PLAINTIFF PRAYS THAT:

a.    A Temporary Restraining Order and Preliminary and permanent injunctions be issued from this Court, barring the Defendant and its privies from any further making, importation, sale, offering for sale, or inducing use of its product so as to infringe Plaintiff's '097 patent or Plaintiff's trade dress and to cease its acts of unfair competition.

b.    A Temporary Restraining Order and Preliminary and permanent injunctions be issued from this Court, directing that the Defendant immediately destroy, or turn over to Plaintiff for destruction or disposal, all remaining products in its possession at all stores and warehouses of the Defendant, in transit among places of business of the Defendant, and coming into possession of the Defendant in the import trade.

c.    An Order awarding Plaintiff $184,500.00 (One Hundred Eighty-Four Thousand, Five Hundred and no/100 Dollars) as damages for the Defendant's infringement.

d.    An Order be entered awarding Plaintiff treble damages, increased damages, attorneys' fees, and costs and expenses in this matter, and

- 5 -

  e. Such further and other relief be granted, including costs of suit, as may be just and equitable in the circumstances.

               Respectfully submitted,

February 15, 2008         s/Robert J. Schneider
                  Robert J. Schneider
                  John R. Crossan
                   COUNSEL FOR PLAINTIFF,
                  **RABBIT TANAKA CORPORATION, USA**
                  CHAPMAN AND CUTLER LLP
                  111. W. Monroe St.
                  Chicago, IL 60603
                  (312) 845-3919
                  Fax: 312/803-5299